IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JUDITH C. KLANDERUD**,

    Plaintiff,

v.

**MEGAN J. BRENNAN,
POSTMASTER GENERAL,**

    Defendant.

Case No. 6:19-cv-00128-MC

**OPINION AND ORDER**

**MCSHANE, Judge:**

Plaintiff Judith C. Klanderud, appearing *pro se*, filed this action pursuant to Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Rehabilitation Act. Pl.'s Second Am. Compl. ("SAC") 3, ECF No. 20. Defendant moves to dismiss Plaintiff's workers' compensation-related claim for lack of subject matter jurisdiction. Def.'s Mot. 1, ECF No. 23. Because the Court does not have jurisdiction to review claims related to workers' compensation, Defendant's Motion to Dismiss is GRANTED.

## **BACKGROUND**

Plaintiff alleges, among other things, that Defendant failed to process her workers' compensation paperwork after she sustained a workplace injury in 2013.[1] SAC Ex. 1, at 1, ECF No. 20-1. She alleges that, as a result, she was never compensated for her used annual and sick leave time. *Id.* Plaintiff seeks multiple forms of relief, including compensation for Defendant's

---

[1] At the motion to dismiss stage, the Court takes all of Plaintiff's allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

1 – OPINION AND ORDER

failure to complete the paperwork she needed to receive workers' compensation and her "loss of [workers'] compensation medical settlement amount and medical expenses." SAC 6; SAC Ex. 1, at 1.

## STANDARDS

District courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A defendant may move to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. It is presumed that a district court lacks jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). The court will grant a defendant's 12(b)(1) motion if the complaint fails to allege facts sufficient to establish subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). When evaluating an attack on jurisdiction, the court accepts as true all factual allegations set forth in the complaint. *United States v. One 1997 Mercedes E420*, 175 F.3d 1129, 1130 n.1 (9th Cir. 1999).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

## DISCUSSION

This Court generally lacks jurisdiction to review claims involving The Federal Employees Compensation Act ("FECA"). *See* 5 U.S.C. §§ 8101–8151. FECA governs federal

workers' compensation claims. *See id.* Section 8128(b) provides that "[t]he action of the Secretary or his designee in allowing or denying a payment under this subchapter is . . . not subject to review by another official of the United States or by a court by mandamus or otherwise." This is a "preclusion-of-review" statute, where federal courts have no jurisdiction to review the Secretary of Labor and her agents' final judgments. *Staacke v. U.S. Secretary of Labor*, 841 F.2d 278, 281 (citing *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 779–80 and n.13). The Office of Workers' Compensation Programs ("OWCP") is responsible for administering and enforcing all matters within FECA. 20 C.F.R. § 10.1.

Despite the preclusion of review, a federal court has jurisdiction to review matters relating to FECA when: (1) there is a constitutional claim; and (2) a defendant is alleged to have violated a statutory mandate. *Garner v. United States Department of Defense*, No. CV-17-00459, 2017 WL 5885469, at *3 (D. Ariz. Nov. 29, 2017) (citing *Staacke*, 841 F.2d at 281). "[A] mere allegation of a constitutional violation," however, is not "sufficient to avoid the effect of a statutory finality provision." *Rodrigues v. Donovan*, 769 F.2d 1344, 1348 (9th Cir. 1985) (citing *Reid v. Engen*, 765 F.2d 1457, 1461 (9th Cir. 1985)).

Here, it is unclear where Plaintiff's workers' compensation claim stands. She alleges that Defendant failed to process her paperwork relating to an "accepted OWCP claim" which "awarded" her a Rehabilitation Act job at the Salem Main Post Office. SAC Ex. 1, at 10. Plaintiff does not, however, allege facts sufficient to maintain a constitutional or statutory mandate violation claim. Moreover, Plaintiff apparently failed to sign certain OWCP documents, which undermines her allegations against Defendant. SAC Ex. 1, at 2. Even if Plaintiff could properly allege that Defendant failed to process her paperwork, the issue would be within the purview of the OWCP.

Further, rather than seeking a court order requiring Defendant to process her workers' compensation paperwork, Plaintiff seeks compensation for Defendant's failure to do so. This would require the Court to inquire into the substance of Plaintiff's workers' compensation claim, which the Court declines to do. Plaintiff may seek redress with the OWCP.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 23) is GRANTED.

IT IS SO ORDERED.

DATED this 9th day of December, 2019.

    _s/Michael J. McShane_____
Michael McShane
United States District Judge